UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MICHAEL C.A. WALSH,           )
                              )
         Plaintiff,           )
                              )
    v.                        )   No. 1:22-CV-114-SNLJ
                              )
SCOTT SPENCER,                )
                              )
         Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Michael C.A. Walsh for leave to proceed *in forma pauperis*. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if, *inter alia*, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, if the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff did not prepare the complaint using a Court-provided form. Instead, he submitted a typewritten complaint of his own creation, titled "Amended Complaint Bill in Equity." (ECF No. 1 at 1). The complaint bears a caption identifying this Court as "United States Eastern District Court St. Louis, Missouri Republic." *Id.* Plaintiff filed the complaint against Scott Spencer, and identifies him as an executive at Sterling Bank in Poplar Bluff, Missouri. Plaintiff identifies himself as "Michael-Charles: family of Walsh, authorized representative for the firm/name MICHAEL C.A. WALSH." *Id.* (emphasis in original).

Plaintiff invokes federal subject matter jurisdiction on the basis of diversity of citizenship. He alleges that he and Spencer are diverse, and the amount in controversy exceeds $75,000. However, regarding the actual citizenship of himself and the defendant, Plaintiff states that he "has established a residency in the STATE OF MISSOURI," and the defendant "demonstrates a residency in the jurisdiction of the UNITED STATES and does Business in the STATE OF MISSOURI." *Id.* at 1-2 (emphasis in original).

In a section of the complaint titled "Legal Claims," Plaintiff writes: "Plaintiff is entitled to relief in this equitable claim," "Defendant is estopped for failure to respond to original administrative process," and "Plaintiff has placed the facts and law before this honorable court." *Id.* at 2. In a section of the complaint titled "Facts," plaintiff alleges he "has exhausted administrative remedy and comes to this court of equity with clean Hands and in good faith," his "administrative remedy is res judicata," "Failure of Defendant to respond in this matter is stare decisis," and "Plaintiff's administrative remedy is ripe for judicial review, and there are no facts in controversy." *Id.* Plaintiff does not specifically identify the administrative process to which he refers.

Attached to the complaint is a document titled "Affidavit in Support of Amended Complaint Bill in Equity." *Id.* at 5. Plaintiff begins by writing:

> i, man, known to all men in name and style Michael-Charles, proper Christian appendage of Michael-Charles: of the family of Walsh, am of full capacity. i am a living man, and a servant of God Almighty. i am competent to handle my own affairs and litigate the same. i am of full sound mind under no duress, drugs, or alcohol. i, man, with full innumerable-unalienable rights. i am with no legal-disability and/or diminished capacity and/or diminished-status and am known as a States man fully knowing the penalties of perjury before God and man, do state the following facts to be true to the best of my knowledge so help me God

*Id.*[1] Plaintiff alleges he "started the administrative process" by sending Spencer a "Notice and Demand For Full Forensic Accounting Summary requiring full disclosure of ALL accounts known and unknown to this affiant, listing ALL transactions, via their fax number . . .". *Id.* When Spencer failed to respond within ten days, Plaintiff sent another demand. Plaintiff writes: "Charges were established in the presence of two or more witnesses, (Matthew 18:16 KJV) "But if he will not hear thee, then take with thee one or two more, that in the mouth of two or three witnesses every word may be established." *Id.* at 6.

---

[1] The text is quoted without correction of any errors in the original.

Plaintiff alleges Spencer failed to respond within the required time frame, and therefore agreed "to all statements and charges contained in this Acceptance of Default, through his acquiescence and has agreed to owing affiant the sum of one million dollars ($1,000,000.00)." *Id.* Plaintiff also alleges that Spencer knows that accounts were opened at Sterling Bank using his personal information.

In a section of the complaint titled "Relief Sought," Plaintiff asks this Court to award him $1 million, conduct "judicial review of his administrative process and remedy," "find the facts and execute on the law of the contract before this Court," and order Spencer to produce various records concerning his finances. *Id.* at 2-3.

## Discussion

Plaintiff invokes this Court's subject matter jurisdiction on the basis of diversity of citizenship. He therefore has the burden of establishing such jurisdiction. *See Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010) (the party asserting diversity jurisdiction has the burden of establishing it). In an attempt to so establish, plaintiff states the parties are diverse, identifies himself as a Missouri resident, and attempts to give the impression that the defendant is domiciled elsewhere and only works in Missouri. However, Plaintiff offers no genuine averment that the defendant is a citizen of a state other than Missouri. The Court therefore has serious reservations about whether this case involves a dispute or controversy properly within its jurisdiction. However, for the sole purpose of conducting the required review of the complaint, the Court will presume that subject matter jurisdiction exists.

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that it is frivolous and fails to state a claim upon which relief may be granted. Plaintiff fails to provide, and independent inquiry fails to reveal, a legal basis for his claim that Spencer engaged

in an act or omission that entitles Plaintiff to monetary or equitable relief. While this Court must liberally construe *pro se* filings, this Court may not construct a legal theory for Plaintiff. *See Stone*, 364 F.3d at 914-15. The Court therefore concludes that this action lacks an arguable basis in law, and is frivolous. *See Neitzke*, 490 U.S. at 328. Additionally, the complaint contains no facts that would state a plausible claim for relief, and is therefore subject to dismissal on the basis that it fails to state a claim upon which relief may be granted. *See Twombly*, 550 U.S. at 570. The Court can envision no amendment to the complaint that would cause it to state a valid claim over which this Court would have subject matter jurisdiction. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this _11th_ day of October. 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE